UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS WEIR,<br><br>      Plaintiff,<br><br>      -v.-<br><br>MONTEFIORE MEDICAL CENTER; ALBERT EINSTEIN COLLEGE OF MEDICINE; EVRIPIDIS GAVATHIOTIS; ANNA GARTNER; LITTLER MENDELSON; JEAN L. SCHMIDT; and EMILY C. HAIGH,<br><br>      Defendants. | 23 Civ. 4468 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  On June 26, 2023, this Court issued an Order to Show Cause (Dkt. #17 (the "Order" or "OTSC")) directing the parties to show cause in writing why this case should not be dismissed pursuant to the doctrines of *res judicata* and *Rooker-Feldman*.[1] The Court's Order was precipitated by Plaintiff Nicholas Weir's filing of his most recent Complaint (Dkt. #1 ("Compl.")), which alleges a host of common-law and constitutional claims that arise out of an action previously filed in, and dismissed by, this Court (*see generally Weir* v. *Montefiore Medical Center*, No. 16 Civ. 9846 (KPF) ("*Weir I*")), and a subsequent action filed in, and dismissed by, the New York State Supreme Court (*see*

---

[1]   In its Order to Show Cause, the Court directed the parties to provide briefing on whether the *Rooker-Feldman* doctrine would bar Plaintiff's case. *See generally Johnson* v. *De Grandy*, 512 U.S. 997, 1005-06 (1994) (discussing *Dist. of Columbia Ct. of Appeals* v. *Feldman*, 460 U.S. 462 (1983), and *Rooker* v. *Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Because the Court finds that Plaintiff's action is barred by *res judicata* and collateral estoppel, as is discussed further in this Order, the Court does not address the alternative question of whether Plaintiff's claim is also barred under *Rooker-Feldman*.

*generally Weir* v. *Montefiore Medical Center*, Index No. 42000/2020E (N.Y. Sup. Ct. Bronx Cnty.) ("*Weir II*")).

Plaintiff's latest complaint attempts to sidestep his losses in *Weir I* and *II*, suggesting now that it was the *conduct* of those litigations, rather than the outcomes of the proceedings, that brought about his injuries. For the reasons that follow, however, the Court finds that the instant case is barred by the doctrines of *res judicata* and collateral estoppel, and consequently must be dismissed.

## BACKGROUND

The parties to this action are largely the same as those in *Weir I*. Plaintiff Nicholas Weir was employed as a research technician by Defendant Albert Einstein College of Medicine ("AECOM"), an affiliate of Defendant Montefiore Medical Center ("Montefiore," and together with AECOM, the "Hospital Defendants") from on or about December 28, 2015, through on or about March 4, 2016. Plaintiff and the Hospital Defendants were parties to both *Weir I* and *II*.

In this action, Plaintiff adds five additional defendants. The first two, Evripidis Gavathiotis and Anna Gartner (collectively, the "Employee Defendants"), are employees of the lab at AECOM where Plaintiff was formerly employed. The remaining three, Littler Mendelson, Jean L. Schmidt, and Emily C. Haigh (collectively, the "Attorney Defendants," and together with the Hospital Defendants and the Employee Defendants, "Defendants"), are the law firm and attorneys who represented the Hospital Defendants in *Weir I* and *II*,

2

and who currently represent all Defendants (including themselves) in this action.

The procedural history of this matter is well-documented in the OTSC, which the Court incorporates by reference. (*See generally* OTSC 1-2). As relevant here, on December 20, 2016, Plaintiff filed his complaint in *Weir I*, alleging a broad array of federal, state, and local discrimination, retaliation, and equal pay claims against the Hospital Defendants and others. (*See Weir I*, Dkt. #1). *Weir I* was litigated before this Court, and on February 22, 2018, the Court dismissed Plaintiff's federal claims, finding that Plaintiff had failed to allege Title VII claims premised on discrimination, retaliation, or unequal pay. *See generally Weir* v. *Montefiore Med. Ctr.*, No. 16 Civ. 9846 (KPF), 2018 WL 1033238 (S.D.N.Y. Feb. 22, 2018), *appeal dismissed*, 2019 WL 4597606 (2d Cir. Jan. 24, 2019), *cert. denied*, 140 S. Ct. 141 (2019). With those claims dismissed, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining New York State Human Rights Law and New York City Human Rights Law claims. *See id.* at *9. Plaintiff took a number of actions seeking both to appeal this Court's dismissal of *Weir I* and to reopen the case, none of which was successful. (*See* OTSC 1-2).[2]

---

2    While his initial briefs on appeal focused on the *Weir I* defendants (*see Weir* v. *Montefiore Med. Ctr.*, No. 18-813 (2d Cir.), Dkt. #27 (opening brief); Dkt. #57 (reply brief)), Plaintiff eventually filed a motion to sanction defense counsel, attorneys from the Littler Mendelson firm (*see id.*, Dkt. #72-2 ("Instead of owning up to the wrong they [have] done and try to settle it amicably, the defendants and the law firm representing them chose to deceive and disrespect the Court. … Consequently, I am asking the Court for the harshest sanction just short of disbarment at this point in time.")). The Second Circuit denied the motion for sanctions and dismissed the appeal, finding that it "lack[ed] an arguable basis either in law or in fact." (*Id.*, Dkt. #94 (citing *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989))).

3

After the Court's decision in *Weir I*, Plaintiff filed *Weir II* against the Hospital Defendants and others on April 24, 2019, in New York State Supreme Court, Bronx County, making clear that he was asserting "the state claims which [the United States District Court for the Southern District of New York] declined to exercise jurisdiction over." (Compl. ¶ 7). On November 17, 2021, the state court trial judge granted summary judgment in favor of defendants; the decision was then affirmed by the Appellate Division, First Department, on September 27, 2022. *See generally Weir* v. *Montefiore Med. Ctr.*, Index No. 42000/2020E, 2021 WL 7286472 (N.Y. Sup. Ct. Bronx Cnty. Nov. 5, 2021), *aff'd*, 175 N.Y.S.3d 498 (1st Dep't 2022), *leave to appeal denied*, 39 N.Y.3d 911 (2023). Further reconsideration of that decision was denied by the First Department on December 22, 2022 (*see* Compl. ¶ 13), and leave to appeal was denied by the New York Court of Appeals on April 25, 2023 (*see id.* ¶ 18).

Within a month of losing his last appeal in *Weir II*, Plaintiff filed the instant case on May 27, 2023, alleging that Defendants — now including the Hospital, Employee, and Attorney Defendants — violated his constitutional rights by denying him access to the courts, due process, and equal protection during *Weir I* and *II*. (*See generally* Compl.). Plaintiff also asserts claims for conspiracy and fraud on the court. (*Id.*). On June 21, 2023, this Court issued an Order to Show Cause directing the parties to show cause in writing why this case should not be dismissed pursuant to the doctrines of *res judicata* and *Rooker-Feldman*. (*See generally* OTSC). Promptly thereafter, on June 22, 2023, Plaintiff provided a response to this Court's Order (Dkt. #18 ("Pl. Resp.")),

4

and on July 21, 2023, Defendants provided their response (Dkt. #26 ("Def. Resp.")).

## DISCUSSION

As the lengthy procedural history of this litigation may suggest, the Court is well-acquainted with Plaintiff's allegations against the various Defendants. And while Plaintiff is determined to bring yet one more lawsuit in this series, established considerations of fairness, finality, and judicial economy dictate otherwise. In this context, these considerations animate the doctrines of *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion. *See Salahuddin* v. *Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*res judicata*); *Johnson* v. *Watkins*, 101 F.3d 792, 795 (2d Cir. 1996) (collateral estoppel). Both doctrines draw from the same underlying logic — that permitting the open-ended relitigation of claims and issues in serial lawsuits risks unfairness to the parties, inconsistent judgments, and wasteful expenditure of judicial resources. *See Parklane Hosiery Co., Inc.* v. *Shore*, 439 U.S. 322, 326 (1979) ("Collateral estoppel, like the related doctrine of *res judicata*, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.").

This logic operates not only to provide litigants with tools to dismiss recycled claims brought against them in successive lawsuits, but also to furnish courts with the power to dismiss such lawsuits *sua sponte* to relieve parties of the burden associated with defending them in court. *See Doe* v.

5

*Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (holding that courts may consider both *res judicata* and collateral estoppel *sua sponte* (citing *Salahuddin*, 992 F.2d at 449)). Indeed, the Second Circuit has observed that in situations involving serial litigation, such as the one before this Court, consideration of *res judicata* and collateral estoppel *sua sponte* is "not only appropriate but virtually mandatory." *Salahuddin*, 992 F.2d at 449.

Faced with this mandate, the Court first addresses issues of *res judicata* arising from *Weir I* and *II*, and then addresses the remaining issues of collateral estoppel.

### A. Plaintiff's Claims Against the Hospital and Employee Defendants Are Barred by *Res Judicata*

The doctrine of *res judicata*, or claim preclusion, dictates that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre* v. *Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc.* v. *Moitie*, 452 U.S. 394, 398 (1981)). In other words, "the doctrine states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." *Maharaj* v. *Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation marks and citation omitted).

Here, there are two cases for which the Court must determine the preclusive effect: *Weir I*, a federal case brought before this Court, and *Weir II*, a

6

state case brought in Bronx Supreme Court. For the former, the federal common law of preclusion will apply. *See Taylor* v. *Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."). For the latter, the Court considers the *res judicata* doctrine of New York. *See Logan* v. *Matveevskii*, 175 F. Supp. 3d 209, 233 (S.D.N.Y. 2016) ("[B]ecause the preclusive effect of a New York state court decision is asserted, the Court must consider New York's law of *res judicata*." (citation omitted)). Though there is substantial overlap between both tests, the Court addresses each in turn.

Under federal common law, four requirements are necessary for *res judicata* to apply. The earlier decision must have been "[i] a final judgment on the merits, [ii] by a court of competent jurisdiction, [iii] in a case involving the same parties or their privies, and [iv] involving the same cause of action." *Hecht* v. *United Collection Bureau, Inc.*, 691 F.3d 218, 221-22 (2d Cir. 2012) (quoting *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011)).

Turning to the facts at hand, the first two elements of *res judicata* are easily met. The Court's dismissal of Plaintiff's claims in *Weir I* was a decision on the merits. *See Weir* v. *Montefiore Med. Ctr.*, No. 16 Civ. 9846 (KPF), 2018 WL 1033238, at *10 (S.D.N.Y. Feb. 22, 2018) (dismissing Title VII action pursuant to Rule 12(b)(6) for failure to state a claim); *see generally Exch. Nat'l Bank of Chi.* v. *Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976) (recognizing that "judgments under Rule 12(b)(6) are on the merits, with *res judicata* effects"). Plaintiff disputes this conclusion, arguing that the final

judgment in *Weir I* "was not made on its merit because Plaintiff was unlawfully denied access to the court as part of conspiracies against Plaintiff." (Pl. Br. 3). These same arguments were considered and rejected by this Court in its ruling denying Plaintiff's Rule 60(b) motion in *Weir I*, and therefore cannot undermine the finality of that judgment. (*See Weir I*, Dkt. #54). As to the second requirement, *Weir I* was decided in the Southern District of New York, plainly a court of competent jurisdiction for Plaintiff's federal claims.

The third requirement, whether the second claim involves the same parties or their privity, requires more discussion. It is undisputed that the Hospital Defendants were defendants in *Weir I*. However, in this case, Plaintiff adds five additional defendants — two employees of the lab at AECOM where Plaintiff was formerly employed (*i.e.*, the Employee Defendants), and the law firm and its attorneys who represented the Hospital Defendants in *Weir I* and *II* (*i.e.*, the Attorney Defendants). Whether the new defendants are entitled to invoke the preclusive effect of *Weir I* depends on whether they are in privity with either Montefiore or AECOM.

The relevant privity inquiry in a claim preclusion analysis is whether the interests of the non-party were adequately represented by the parties in the previous case. *See Chase Manhattan Bank, N.A.* v. *Celotex Corp.*, 56 F.3d 343, 345-46 (2d Cir. 1995) (discussing the concept of "virtual representation"). This inquiry looks beyond a traditional contractual privity analysis and examines whether the new defendant has "a sufficiently close relationship to the original

8

defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp.* v. *Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995).

Employee Defendants Gavathiotis and Gartner are clearly in privity with the Hospital Defendants, the parties of *Weir I*, due to their employment in the lab at AECOM. *See Davis* v. *Metro N. Commuter R.R.*, No. 21 Civ. 387 (ER), 2022 WL 2223018, at *5 (S.D.N.Y. June 21, 2022) ("[F]or the purpose of *res judicata*, the employee-employer relationship is sufficient to establish privity." (citing *Amadsau* v. *Bronx Lebanon Hosp. Ctr.*, No. 03 Civ. 6450 (LAK) (AJP), 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005))).

The Attorney Defendants (Littler Mendelson, Schmidt, and Haigh), however, are not in privity. As the Second Circuit has held, an attorney-client relationship, without more, is insufficient to establish privity between counsel to a party in the prior action and that party itself. *See Hansen* v. *Miller*, 52 F.4th 96, 101 (2d Cir. 2022) (applying New York law and finding no privity where "[counsel] did not have a cognizable personal interest in the subject of the [prior] action"); *Chase Manhattan Bank*, 56 F.3d at 346 ("[T]he federal doctrine uses privity in a way similar to its use under New York law."). This is the case even where the plaintiff's later claim is predicated on allegations that the counsel to the party in the prior action and that party itself were involved in misconduct. *See Hansen*, 52 F.4th at 101 ("[The plaintiff's] general and conclusory allegations that [counsel] and [client] 'colluded' in bringing the state suit ... do not demonstrate the requisite privity."). Accordingly, the Court

9

cannot find that the Attorney Defendants were "privies" to the parties of *Weir I* such that *res judicata* would apply.

The fourth and final element of the *res judicata* analysis concerns whether the latter case is one "involving the same cause of action" as the former. *Hecht*, 691 F.3d at 222. The court's inquiry at this step focuses not on the technical cause of action brought, but rather on the broader question of "whether the two claims arise from the same 'nucleus of operative fact.'" *Fried v. LVI Servs., Inc.*, 557 F. App'x 61, 64 (2d Cir. 2014) (summary order) (quoting *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000)).

As discussed in the Order to Show Cause, Plaintiff's instant Complaint is essentially a "meta" litigation. (*See* OTSC 1). The underlying facts of the Complaint concern the same conduct at issue in *Weir I*, as Plaintiff effectively acknowledges in his related case statement:

> Both cases are closely related as the 2016 case contained similar factual allegations regarding discrimination and retaliation that led to Plaintiff's termination. Plaintiff's legal pursuit has now come full circle back to the federal court where it started. Plaintiff was a novice Pro Se Litigant in 2016 but he has garnered experiences to better argue his case and 'win' in an acceptable and dignified manner.

(Dkt. #7). Undaunted, Plaintiff attempts to distinguish his latest claims from those previously decided against him by recasting them as allegations that the Hospital and Employee Defendants engaged in misconduct during the litigation that resulted in his failure to prevail in both matters. (*See* Pl. Br. 2-3). This gambit is unavailing, as "[t]he fact that [Plaintiff] has repackaged his claims slightly and presented them in the guise of new legal theories is immaterial."

10

*Ranasinghe* v. *Kennell*, No. 16 Civ. 2170 (JMF), 2017 WL 384357, at *4 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018) (summary order).

It is well-established that "*res judicata* precludes not only those claims that were raised in the prior action, but also those involving the same transaction or connected series of transactions that 'could have been raised in that action.'" *Ranasinghe*, 2017 WL 384357, at *4 (quoting *Moitie*, 452 U.S. at 398); *accord Zappin* v. *Comfort*, No. 18 Civ. 1693 (ALC) (OTW), 2022 WL 6241248, at *21-22 (S.D.N.Y. Aug. 29, 2022), *report and recommendation adopted*, No. 18 Civ. 1693 (ALC) (OTW), 2022 WL 4592551 (S.D.N.Y. Sept. 30, 2022). In light of *Weir I*, Plaintiff's new claims against the Hospital Defendants and the Employee Defendants are precluded by *res judicata* and must be dismissed. Plaintiff's claims against the Attorney Defendants, by contrast, are not subject to *res judicata* due to the Attorney Defendants' lack of privity. Still, and as discussed further below, these claims fall due to collateral estoppel.

Having found that *res judicata* applies to *Weir I*, the Court now considers *Weir II* and New York law. The elements are largely the same: "[A] party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *In re Hunter*, 4 N.Y.3d 260, 269 (2005). New York law employs a "transactional analysis approach to *res judicata*, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Id.* (quoting *O'Brien* v. *City of Syracuse*, 54 N.Y.2d 353, 357 (1981)). As with

11

federal common law, "[t]he rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *Id.* Importantly, the New York Court of Appeals has described New York's doctrine as "arguably broader than the principles adopted by the federal courts." *Ins. Co. of State of Penn.* v. *HSBC Bank USA*, 10 N.Y.3d 32, 38 n.3 (2008). Given the overlap between the two tests, and the fact that New York's doctrine sweeps broader than that of the federal law, the Court's analysis will be brief.

To begin, the dismissal of *Weir II* on summary judgment was done on the merits, by a court of competent jurisdiction. *See Weir* v. *Montefiore Med. Ctr.*, Index No. 42000/2020E, 2021 WL 7286472, at *4 (N.Y. Sup. Ct. Bronx Cnty. Nov. 5, 2021), *aff'd*, 175 N.Y.S.3d 498 (1st Dep't Sept. 27, 2022), *leave to appeal denied*, 39 N.Y.3d 911 (2023); *see generally Noor* v. *Mahmood*, 118 N.Y.S.3d 429, 430 (2d Dep't 2020) ("An order granting a motion for summary judgment is made on the merits and has preclusive effect." (*citing Collins* v. *Bertram Yacht Corp.*, 42 N.Y.2d 1033, 1034 (1976))). Next, the Employee Defendants are in privity with the Hospital Defendants, who were parties to *Weir II*. *See Brown* v. *Tia*, 49 N.Y.S.3d 626, 626 (1st Dep't 2017) (finding employees to be in privity with employers for the purposes of *res judicata*). As above, the opposite is true for the Attorney Defendants, who cannot be considered in privity with the Hospital Defendants under New York law. Finally, *Weir II* comprised all of the remaining state claims arising out of the same transaction or occurrence giving rise to *Weir I*. (*See* Compl. ¶ 7 ("On April 24, 2019, Plaintiff commenced action in the Supreme Court of the State of

12

New York, Queens County, for the state claims which Judge Failla declined to exercise jurisdiction over.")).

Accordingly, *Weir II* has preclusive effect for Plaintiff's new claims against the Hospital Defendants and the Employee Defendants.  *See Nationwide Mut. Ins. Co.* v. *U.S. Underwriters Ins. Co.*, 59 N.Y.S.3d 1, 4 (1st Dep't 2017) ("*Res judicata* is designed to provide finality in the resolution of disputes, recognizing that [c]onsiderations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation." (quoting *In re Hunter*, 4 N.Y.3d at 269))).  As with the federal analysis, *Weir II* does not have preclusive effect for Plaintiff's new claims against the Attorney Defendants.

In sum, between the two actions, all of Plaintiff's claims against the Hospital and Employee Defendants have been covered by prior judgments, and his third action is barred as to those Defendants as a result.

### B. Plaintiff's Claims Against the Attorney Defendants Are Barred by Collateral Estoppel

While Plaintiff's claims against the Attorney Defendants survive the gauntlet of *res judicata*, they are nonetheless barred pursuant to the doctrine of collateral estoppel, or issue preclusion.  Under the principle of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Schiro* v. *Farley*, 510 U.S. 222, 232 (1994) (quoting *Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970)).  For an issue to be subject to collateral estoppel it must have been "necessarily decided in the

prior action *against* a party, or one in privity with a party." *Hansen*, 52 F.4th at 96 (emphasis added) (citing *Buechel* v. *Bain*, 97 N.Y.2d 295, 303-04 (2001)). Put simply, where a party has an opportunity to fully and fairly litigate an issue, does so, and loses, that party may be estopped from asserting that issue in a subsequent proceeding. Though the Attorney Defendants were not parties to *Weir I* and *II*, they are nonetheless entitled to assert collateral estoppel against Plaintiff under the doctrine of non-mutual estoppel, which "allows a defendant who was not party to the previous litigation to rely on ... collateral estoppel to bar ... issues raised in subsequent litigation, assuming the issue was fully and fairly litigated in the first instance." *Ranasinghe*, 2017 WL 384357, at *3.

Here, the vast majority of Plaintiff's claims against the Attorney Defendants rise or fall on his underlying allegations of discrimination and other misconduct by the Hospital Defendants. These are issues that Plaintiff raised in both *Weir I* and *II*, litigated to the point of a final judgment, and ultimately lost when each court entered judgment in favor of defendants and each judgment was upheld on appeal. *See Hansen*, 52 F.4th at 101 (finding collateral estoppel where "[plaintiff's] fraud and negligence claims against the Attorney Defendants rest on [] underlying allegations," which were decided against the plaintiff in a state proceeding).

Plaintiff's final remaining claim, under Judiciary Law § 487, falls for a different reason. Judiciary Law § 487 is a New York statute that "imposes liability [on an attorney] for the making of false statements with scienter." *Bill*

14

*Birds, Inc.* v. *Stein Law Firm, P.C.*, 35 N.Y.3d 173, 178 (2020). To make out this claim, Plaintiff rests on two allegations about the Attorney Defendants' misconduct in *Weir II*: *first*, that "[the Attorney Defendants] repeatedly responded late to Plaintiff's discovery demands, repeatedly made false statements, and repeatedly failed to reasonably respond to Plaintiff's discovery demands as described and referenced herein," and *second*, that "[the Attorney Defendants] conspired among each other, other Defendants, and with the Government to deceive the Court and Plaintiff." (Compl. ¶¶ 159-160).

Plaintiff raised these same allegations of misconduct by the Attorney Defendants in *Weir II*, and the issue of misconduct was ultimately decided against him in the Bronx Supreme Court's order granting summary judgment, which order was then affirmed by the Appellate Division. *See Weir*, 2021 WL 7286472, at *4 (denying Plaintiff's cross-motion to hold the Attorney Defendants in contempt, to sanction the Attorney Defendants, and to compel the production of documents), *aff'd*, 175 N.Y.S.3d 498, at *2 (1st Dep't 2022) ("The request for sanctions was also properly denied, as plaintiff failed to identify frivolous conduct, merely asserting in conclusory fashion that his supervisor and defendants' attorneys improperly delayed discovery and proffered false statements."); *see also Creed Taylor, Inc.* v. *CBS, Inc.*, 718 F. Supp. 1171, 1177 (S.D.N.Y. 1989) ("Issues decided upon a motion for summary judgment may be accorded the same preclusive effect as issues decided following a trial." (citing *Collins*, 42 N.Y.2d at 1033)). Having lost on the issue of alleged misconduct by the Attorney Defendants in *Weir II*, Plaintiff cannot

15

again seek to relitigate this issue in the instant case, and therefore his remaining Judiciary Law claim must be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's claims against the Hospital and Employee Defendants are barred by the doctrine of *res judicata* and the preclusive effects of *Weir I* and *II*, and must be dismissed. Plaintiff's claims against the Attorney Defendants are not barred by *res judicata*, but are subject to collateral estoppel arising out of *Weir II*, and must similarly be dismissed. Accordingly, Plaintiff's claims as to all Defendants are hereby DISMISSED WITH PREJUDICE. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: September 6, 2023
       New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge