UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS WEIR,<br><br>                                Plaintiff,<br><br>                -v.-<br><br>MONTEFIORE MEDICAL CENTER; ALBERT EINSTEIN COLLEGE OF MEDICINE; EVRIPIDIS GAVATHIOTIS; ANNA GARTNER; LITTLER MENDELSON; JEAN L. SCHMIDT; and EMILY C. HAIGH,<br><br>                                Defendants. | 23 Civ. 4468 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

      Before the Court is the latest chapter in Plaintiff Nicholas Weir's nearly eight-year-long campaign of litigation arising out of the termination of his employment as a research technician at the Albert Einstein College of Medicine ("AECOM") after about three months, from on or about December 28, 2015, through on or about March 4, 2016.  In particular, Plaintiff asks the Court to reconsider its September 6, 2023 Order, *Weir* v. *Montefiore Med. Ctr.*, No. 23 Civ. 4468 (KPF), 2023 WL 5747642 (S.D.N.Y. Sept. 6, 2023) ("*Weir IV*"), which order dismissed his most recent claims of common-law and constitutional violations in connection with an action previously filed in, and dismissed by, this Court, *see Weir* v. *Montefiore Med. Ctr.*, No. 16 Civ. 9846 (KPF), 2018 WL 1033238 (S.D.N.Y. Feb. 22, 2018) ("*Weir I*"), and a subsequent action filed in, and dismissed by, the New York State Supreme Court, *see Weir* v. *Montefiore Med. Ctr.*, Index No. 42000/2020E (RF), 2021 WL 7286472 (N.Y. Sup. Ct. Bronx Cnty. Nov. 5, 2021) ("*Weir II*"), *aff'd*, 175 N.Y.S.3d 498 (1st Dep't 2022)

("*Weir III*"), *leave to appeal denied*, 39 N.Y.3d 911 (2023). Defendants not only oppose the motion, but seek a permanent injunction preventing Plaintiff from commencing any new actions against Defendants or filing any motions or cross-motions against them, without leave of the Court. For the reasons set forth herein, the Court denies both motions, but will permit Defendants to renew their motion should Plaintiff engage in any further frivolous and vexatious filings.

## BACKGROUND[1]

### A. The Court's Decision in *Weir IV*

The Court presumes familiarity with the parties to and the facts of this litigation, as set forth in *Weir IV*, and provides only a brief recitation for the benefit of the record. *See* 2023 WL 5747642, at *1-3.

The instant action is essentially a "meta" litigation, in which Plaintiff presses claims not for substantive violations of federal or state antidiscrimination laws, inasmuch as those claims were decided in *Weir I* and *II*, but rather for grievances arising out of alleged misconduct in connection with both of those cases. *See Weir IV*, 2023 WL 5747642, at *4-5. Plaintiff sued Defendants, who comprise three sets of parties involved in *Weir II*: (i) the Hospital Defendants (AECOM and its affiliate, Montefiore Medical Center), (ii) the Employee Defendants (Evripidis Gavathiotis and Anna Gartner), and

---

[1]  For ease of reference, the Court refers to Plaintiff's memorandum of law in support of his motion for reconsideration as "Pl. Br." (Dkt. #34); to Defendants' memorandum of law in opposition to Plaintiff's motion and in support of their cross-motion for a permanent injunction as "Def. Opp." (Dkt. #36); and to Plaintiff's reply memorandum of law in further support of his motion for reconsideration as "Pl. Reply" (Dkt. 40).

2

(iii) the Attorney Defendants (Littler Mendelson, Jean L. Schmidt, and Emily C. Haigh). Broadly, Plaintiff alleges that Defendants engaged in misconduct by committing fraud on the *Weir II* court, such that he was deprived of his ability to access the courts and, by extension, to vindicate his civil and constitutional rights. (*See generally* Dkt. #1 (Complaint)).

On September 6, 2023, the Court issued a decision dismissing Plaintiff's claims in their entirety, finding that the final judgments in *Weir I* and *II* precluded Plaintiff's claims against the Hospital and Employee Defendants under the doctrine of *res judicata*. The Court further found that Plaintiff's claims of litigation-related misconduct merely "repackaged his [employment-related] claims slightly and presented them in the guise of new legal theories." *Weir IV*, 2023 WL 5747642, at *5 (quoting *Ranasinghe* v. *Kennell*, No. 16 Civ. 2170 (JMF), 2017 WL 384357, at *4 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018) (summary order)).

Separately, the Court found that the Attorney Defendants were entitled to rely on collateral estoppel with respect to their alleged misconduct, as "Plaintiff raised these same allegations of misconduct by the Attorney Defendants in *Weir II*, and the issue of misconduct was ultimately decided against him in the Bronx Supreme Court's order granting summary judgment, which order was then affirmed by the Appellate Division." *Weir IV*, 2023 WL 5747642, at *7 (citing *Weir II*, 2021 WL 7286472, at *4, *aff'd*, 175 N.Y.S.3d at 501). Accordingly, the Court found each of Plaintiff's claims to be barred by either claim or issue preclusion, and dismissed Plaintiff's action in its entirety.

B.  **Procedural History**

On September 20, 2023, Plaintiff filed a letter motion seeking an extension of the normal 14-day period set forth in Local Civil Rule 6.3 for filing a motion for reconsideration, which request was granted by the Court. (Dkt. #29-30). On October 4, 2023, Plaintiff filed a draft version of his motion for reconsideration, along with a letter motion seeking "additional time to properly develop his arguments to allow for more clarity," which request was again granted by the Court. (Dkt. #31-33).

Plaintiff filed his "Objection and Motion for Reconsideration of the Court's Order to Show Cause" on October 13, 2023. (Dkt. #34). On November 17, 2023, Defendants filed their opposition to Plaintiff's motion for reconsideration, and a separate motion for a permanent injunction to prevent Plaintiff from making further filings in this action. (Dkt. #35-36). On November 22, 2023, Plaintiff filed his opposition to Defendants' motion for a permanent injunction (Dkt. #37), and then on November 30, 2023, filed a motion for sanctions and a reply in further support of his motion for reconsideration (Dkt. #38-39 (motion for sanctions), 40 (reply)). Finally, on December 14, 2023, Defendants filed a reply in further support of their motion for a permanent injunction. (Dkt. #41).

## DISCUSSION

A.  **Motions for Reconsideration**

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ.

4

3170 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)).  Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'"  *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Courts afford a special solicitude to motions brought by *pro se* litigants, including motions for reconsideration.  *See Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (collecting cases)).  This solicitude requires courts to interpret a litigant's submissions "to raise the strongest arguments that they suggest."

*Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000).  That said, this solicitude does not "excuse frivolous or vexatious filings by *pro se* litigants," *Iwachiw* v. *New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005), nor does it require the Court to raise "arguments that the submissions themselves do not suggest," *Triestman* v. *Fed. Bur. of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted).

### B. The Court Denies Plaintiff's Motion for Reconsideration

Plaintiff raises a number of arguments in support of his motion for reconsideration, maintaining principally that *Weir II* was not decided on the merits, and therefore that this Court should not have found it to have had preclusive effect over *Weir IV*.  Plaintiff argues in the alternative that even if *Weir II* had been decided on the merits, he still alleged claims that fell outside the scope of its preclusive effect.  Even with a liberal construction of Plaintiff's claims, however, the Court finds that each argument lacks merit.

#### 1. *Weir II* Was Properly Decided on the Merits

Plaintiff's first argument is rooted in his belief that *Weir II* was "based on a misconstrued motion that Plaintiff withdrew his claims during his deposition." (Pl. Br. 12; *see also id.* at 5-6, 12-20).  Plaintiff maintains that Defendants misrepresented his deposition testimony to the court in *Weir II*, who "adopted misrepresented facts from the transcript," and "adopted and restated misrepresented facts from the Affirmation submitted by Dr. Gavathiotis." (Pl. Br. 17).

6

In point of fact, there is no indication that the court's decision in *Weir II* was based on any impression that Plaintiff withdrew his claims. *See generally Weir II*, 2021 WL 7286472.² Rather, *Weir II* reflects the court's findings "that defendants [made] a *prima facie* showing of entitlement to judgment as a matter of law, and that plaintiff [did] not demonstrate that defendants engaged in discrimination or retaliation, or that their explanation for termination was pretextual." *Id.* at *3 (further finding that "Plaintiff [has] not establish[ed] the existence of questions of material fact for a jury to consider"). Moreover, *Weir II* reflects the court's independent review of Plaintiff's deposition transcript in that action, and the court's finding that Plaintiff had simply "restate[d] the facts in a conclusory manner in an attempt to create a question of fact," and "propose[d] speculative theories" regarding the alleged retaliation. 2021 WL 7286472, at *3 (collecting citations to Plaintiff's deposition transcript). Accordingly, Plaintiff has provided no basis to conclude that *Weir II* was decided on a misimpression that he withdrew his claims.

---

²     The only reference to Plaintiff withdrawing his claims comes in the Appellate Division's opinion affirming the Supreme Court's decision in *Weir II*, in which opinion the Appellate Division observed that "[t]he hostile work environment claims fail, because plaintiff withdrew the claims at his deposition after testifying that he did not consider race, color, or national origin when complaining that a coworker was hostile to him." *Weir* v. *Montefiore Med. Ctr.*, 175 N.Y.S.3d 498, 500 (1st Dep't 2022). Yet the Appellate Division further rejected Plaintiff's hostile work environment claims on their merits, finding that "[t]he record also demonstrates nothing more than 'petty slights and trivial inconveniences' arising from their arguments about the quality of [Plaintiff's] work and his use of his coworker's workstation and tools." *Id.* (quoting *Williams* v. *N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 41 (1st Dept. 2009)). Accordingly, the Court finds no basis in the record to find that any of Plaintiffs' claims in *Weir II* was decided for reasons other than the merits.

Plaintiff is equally unpersuasive in his argument that the *Weir II* court's decision was not on the merits because the court merely adopted what Plaintiff believes to be misrepresentations by Defendants. For one, the *Weir II* court, in connection with its denial of Plaintiff's motion to strike portions of his own deposition transcript, considered and rejected Plaintiff's arguments concerning Defendants' alleged misrepresentations of his testimony. *See Weir II*, 2021 WL 7286472, at *4. As was observed by the Appellate Division, the *Weir II* court reviewed those "critical, substantive changes [Plaintiff] sought to make therein," and properly found that Plaintiff's proposed changes "would materially alter his deposition testimony" in a way that was prohibited by New York law. *Weir III*, 175 N.Y.S.3d at 501 (alteration adopted and internal quotation marks omitted).

Likewise, a closer review of the at-issue affidavits from Defendants in *Weir II* reveals that Plaintiff's objections to those documents are based solely on his own recollection of the events leading to the termination of his employment. (*See, e.g.*, Pl. Br. 8 (comparing Gavathiotis's sworn statement that he "was not happy with [Plaintiff's] performance as a Research Technician," with Plaintiff's recollection of an ostensibly cordial exchange with Gavathiotis regarding Plaintiff's research results)). Plaintiff's only additional support lies in his broader assertion that "[i]t is self-evident that the facts and laws discussed and referenced herein that there was evidence that defendants' actions were based on discrimination." (Pl. Br. 18).

The mere fact that Plaintiff disagrees with Defendants' testimony, however, does not establish that it was false or fraudulent. Once again, the

8

record establishes that the *Weir II* court reviewed these affidavits against Plaintiff's deposition transcript containing his own recollection of events, and decided the case in Defendants' favor. *Weir II*, 2021 WL 7286472, at *3-4. As further noted by the Appellate Decision, the *Weir II* court also expressly considered and denied Plaintiff's requests for sanctions based on Plaintiff's belief that the affidavits contained false statements. *See Weir III*, 175 N.Y.S.3d at 501. There is no indication, therefore, that the *Weir II* court relied on false or misleading affidavits.

For all of these reasons, Plaintiff has provided no basis for this Court to depart from its prior determination that *Weir II* was decided on the merits, such that it had preclusive effect on *Weir IV*.

### 2. Plaintiff Has Not Offered Compelling Reasons to Reconsider the Court's Determinations Regarding *Res Judicata* and Collateral Estoppel

Plaintiff next argues that even if *Weir II* had been decided on the merits, there are certain factual allegations and claims that were not precluded, and should have been permitted to go forward. (Pl. Br. 6-12; Pl. Reply 2). The Court is once again unpersuaded.

To begin, Plaintiff maintains that his claims predicated on what he believes to be fraudulent affirmations included in Defendants' motion for summary judgment in *Weir II* should not be precluded, as these affirmations "introduced new legal harms upon Plaintiff." (Pl. Br. 5-9). Plaintiff's argument misunderstands the scope of the transactional test applied by both the federal and New York claim preclusion inquiries, which test bars parties from

9

"relitigating issues that were *or could have been raised in that action*." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (federal common law); *In re Hunter*, 4 N.Y.3d 260, 269 (2005) (holding that New York law employs a "transactional analysis approach to *res judicata*, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, *even if based upon different theories or if seeking a different remedy*'" (emphasis added) (internal citations omitted)). Because Plaintiff could have raised his objections to the affidavits of the Hospital and Employee Defendants directly in *Weir II*, the Court properly concluded that Plaintiff could not relitigate such claims in this action. *See Weir III*, 2023 WL 5747642, at *5-6.

Indeed, and as discussed above, the Appellate Division's opinion affirming the trial court's dismissal of Plaintiff's claims in *Weir II* indicates that Plaintiff did in fact litigate his claims that the Hospital and Employee Defendants' affidavits were false, and the issue was decided against him. *See Weir III*, 175 N.Y.S.3d at 501 (observing that the *Weir II* court considered and rejected Plaintiff's claims that Defendants had "proffered false statements"). Accordingly, Plaintiff's claims are barred by both *res judicata*, given they were already presented in *Weir II*, and collateral estoppel, given the *Weir II* court's rejection of Plaintiff's position that the affidavits were false.

As for the Attorney Defendants, Plaintiff has not proffered any reason for this Court to revisit its prior findings that: (i) Plaintiff raised the issue of the Attorney Defendants' misconduct in *Weir II*; (ii) the *Weir II* court decided that

issue against him and on the merits; and (iii) Plaintiff was therefore precluded from relitigating that issue in *Weir IV*. *See Weir IV*, 2023 WL 5747642, at *6-7. As observed by the Appellate Division, "[Plaintiff's] request to hold [the Attorney Defendants] in contempt for avoiding the deposition of plaintiff's supervisor was properly denied," as was "[t]he request for sanctions ... as [P]laintiff failed to identify frivolous conduct, merely asserting in conclusory fashion that [Gavathiotis and the Attorney Defendants] improperly delayed discovery and proffered false statements." *Weir III*, 175 N.Y.S.3d at 501. Accordingly, the Court will adhere to its prior determination that each of Plaintiffs' claims predicated on misconduct by Defendants in *Weir II* is precluded by the outcome of *Weir II*.

The Court is similarly unmoved by Plaintiff's argument that the mere fact that Defendants requested that Plaintiff provide them with a settlement demand establishes that Plaintiff's rights were somehow violated. (*See* Pl. Br. 10; Pl. Reply 2). Quite the opposite, these efforts reflect Defendants' good-faith attempts to resolve the matter through a settlement, rather than any attempt to sabotage Plaintiff's claims.

Finally, the Court rejects Plaintiff's suggestion that Defendants have continued to make fraudulent and deceptive statements even after *Weir II*. (Pl. Br. 10-11; Pl. Reply 3). Plaintiff cannot support these patently implausible allegations with his personal belief that he should have prevailed in his prior litigations, and that his failure to do so was caused by fraud and misconduct. Nor do Plaintiff's allegations of a broader conspiracy to frustrate his litigation

11

attempts have any basis in reality.  Plaintiff must know by this point that his claims have been evaluated in multiple adversarial settings and found to be deficient each time, even with the special solicitude that Plaintiff has been afforded.  Plaintiff has done so now twice before this Court, at least once before the New York state court,[3] as well as on appeal in both systems.  *See generally Weir* v. *Montefiore Med. Ctr.*, No. 16 Civ. 9846 (KPF), 2018 WL 1033238 (S.D.N.Y. Feb. 22, 2018), *appeal dismissed*, No. 18-813, 2019 WL 4597606 (2d Cir. Jan. 24, 2019), *cert. denied*, 140 S. Ct. 141 (2019); *Weir* v. *Montefiore Med. Ctr.*, Index No. 42000/2020E, 2021 WL 7286472 (N.Y. Sup. Ct. Bronx Cnty. Nov. 5, 2021), *aff'd*, 175 N.Y.S.3d 498 (1st Dep't 2022), *leave to appeal denied*, 39 N.Y.3d 911 (2023).  To that end, Plaintiff has proffered no basis for this Court to believe that Defendants have made any fraudulent or deceptive statements in connection with this litigation, *Weir II*, or *Weir I*.

After considering all of Plaintiff's arguments together, and construing them liberally, the Court finds that Plaintiff has failed to identify any matters "that might reasonably be expected to alter the conclusion reached by the [C]ourt" in *Weir IV*, and therefore cannot prevail in his motion.  *See Shrader*, 70 F.3d at 257 (internal citations omitted).

---

[3] The *Weir II* court observed that "plaintiff has initiated nine lawsuits over the past five years.  However, except for this action and the 2016 federal action, the other seven lawsuits involve other parties." *Weir II*, 2021 WL 7286472, at *4.

12

### C. The Court Denies Without Prejudice Defendants' Motion for a Permanent Filing Injunction

Having denied Plaintiff's motion for reconsideration, the Court next turns to Defendants' motion for a permanent injunction, requiring Plaintiff to seek approval from the Court prior to filing any additional materials in this matter. (*See* Dkt. #35-36, 41).[4] The Court is sympathetic to Defendants' argument, as they have expended significant resources responding to Plaintiff's claims in both state and federal court. Still, it "[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates* v. *Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). Accordingly, the Court will here provide Plaintiff with one final, clear warning that future submissions in connection with this action will be met with a filing ban.

Plaintiff is directly advised that after almost a decade of litigating the circumstances of the termination of his employment at AECOM, he has reached the end of the road and would do well to move on to other endeavors. Should he fail to do so, the Court will enter an order, pursuant to the All Writs Act, to enjoin Plaintiff from further vexatious litigation. *See* 28 U.S.C. § 1651(a); *see also Smith* v. *Educ. People, Inc.*, No. 05-2971, 2008 WL 749564, at *4 (2d Cir. Mar. 20, 2008) (summary order) (affirming the district court's order "enjoining [*pro se* plaintiff] from further duplicative actions, motions,

---

[4] The Court has separately reviewed Plaintiff's cross-motion for sanctions (Dkt. #38, 39), and finds it to be entirely without merit.

petitions, or proceedings," and concluding that "the district court acted within its discretion under the All Writs Act, to effectuate and protect its judgment and to prevent vexatious litigation" (internal citation omitted)).

## CONCLUSION

Plaintiff's motions for reconsideration and sanctions are hereby DENIED. Defendants' motion for a permanent injunction is hereby DENIED without prejudice to its renewal, should Plaintiff engage in any further frivolous or vexatious litigation.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the pending motions at docket entries 34, 35, and 38.

SO ORDERED.

Dated: May 6, 2024
New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge